NOT FOR PUBLICATION  (Doc. No. 12)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| Emmanuel CAESAR, Jr., | : | Civil No. 15–5819 (RBK/AMD) |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| CITY OF ATLANTIC CITY, et al., | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

Thewinco Caesar tragically drowned on July 27, 2013 while swimming in the ocean near Martin Luther King Boulevard beach in Atlantic City, New Jersey. Plaintiff Emmanuel Caesar, Jr., the brother of Thewinco Caesar, witnessed her drowning and death. He brings claims against Defendant City of Atlantic City for negligent infliction of emotional distress and vicarious liability. This action comes before the Court on Defendant City of Atlantic City's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons expressed below, Defendant's Motion (Doc. No. 12) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**I.    STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

1

(quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

In making this determination, a three-part analysis is needed. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitled for relief. *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## II. BACKGROUND

On July 27, 2013, Thewinco Caesar went swimming and tragically drowned in the ocean at or near the Martin Luther King Boulevard beach in Atlantic City, New Jersey ("the Beach"). Compl. ¶ 9. Plaintiff Emmanuel Caesar, Jr., witnessed her drowning and death. *Id.* ¶ 10. Defendant City of Atlantic City ("the City") owned and controlled the Beach. *Id.* ¶¶ 11–12. The

City made improvements to the Beach, including the installation of jetties, signs, and piping. *Id.* ¶ 15. The City further provided lifeguards on the Beach. *Id.* ¶ 16. Plaintiff filed his Complaint before this Court on July 27, 2015, bringing suit against the City, the State of New Jersey, and Atlantic County (Doc. No. 1). The City, the only remaining defendant,[1] moved to dismiss Plaintiff's claims on September 14, 2015 (Doc. No. 13).

## III. DISCUSSION

Plaintiff brings common law claims for negligent infliction of emotional distress and vicarious liability. The City argues that that the unimproved public property immunity doctrine bars this lawsuit against the City in its entirety. *See* Def.'s Mot. at 9–20. The Supreme Court of New Jersey has held that "the public policy of this State is that public entities shall be liable for their negligence only as set forth in the Tort Claims Act." *Pico v. State*, 116 N.J. 55, 59 (1989) (citing N.J.S.A. 59:1–2). The Tort Claims Act ("TCA") defines "public entity" to include municipalities such as the City. *See* N.J.S.A. 59:1–3. As a public entity, the City is liable to Plaintiff only to the scope allowed by the TCA. *See* N.J.S.A. 59:1–3.

The TCA provides that "[n]either a public entity nor a public employee is liable for an injury caused by a condition of any unimproved public property, including but not limited to any natural condition of any lake, stream, bay, river, or beach." N.J.S.A. 59:4–8. The Supreme Court of New Jersey held in *Troth v. State* that "[p]ublic property is no longer 'unimproved' when there has been substantial physical modification of the property from is natural state, and when

---

[1] Atlantic County moved to dismiss for failure to state a claim on September 3, 2015 (Doc. No. 6), and the parties filed a stipulation of dismissal as to Atlantic County on October 14, 2015 (Doc. No. 19). The State of New Jersey moved to dismiss for lack of jurisdiction on October 12, 2015 (Doc. No. 14). On May 10, 2016, this Court granted the State's unopposed motion, dismissing Plaintiff's claims against the State as barred by the Eleventh Amendment of the United States Constitution (Doc. No. 22).

3

the physical change creates hazards that did not previously exist and that require management by the public entity." 117 N.J. 258, 269–70 (1989). To impose liability upon the public entity, "there must be a causal connection between the 'improvement' and the alleged injury." *Id.* at 270. The Court "specifically adopt[ed] the holding . . . that public property may be partly improved and partly unimproved." *Id.* at 272.

Plaintiff alleges that Thewinco Caesar went swimming and drowned on public property owned by the City. Plaintiff further alleges that the City improved that public property with jetties, signs, and piping. But Plaintiff does not allege any facts in the Complaint to suggest that the jetties, signs, or piping caused Thewinco Caesar's death. Plaintiff asserts that she died "as a direct and proximate result of the negligence" of the City, and that the City was negligent by, among many other things, "[d]angerously allowing beachgoers to swim close to the jetties and in an area where there were man-made underwater piping and/or installations that present a hazard to unsuspecting persons like Plaintiff's decedent[.]" *See* Compl. ¶ 36e. These conclusory allegations, embedded in Count I of the Complaint, fail to plausibly allege that the jetties or the underwater piping caused Thewinco Caesar's death. Plaintiff does not allege any facts about what dangers the jetties or the underwater piping presented or how those dangers caused injury to Thewinco Caesar. Defendant's Motion to Dismiss is therefore **GRANTED**.

## IV.     LEAVE TO AMEND

Plaintiff requested leave to file an amended complaint if this Court granted Defendant's Motion to Dismiss. *See* Pl.'s Opp'n Br. at 11. District courts should freely grant leave to amend, "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Whether the jetties or the underwater piping actually presented dangers to Thewinco Caesar and if and how those dangers caused her injury are questions of fact that

Plaintiff may be able to plead with sufficient specificity. Regarding Plaintiff's Count I (negligence claim), Count III (New Jersey Wrong Death Act claim), and Count IV (New Jersey Survival Act claim), the parties dispute only whether the unimproved public property immunity doctrine applies to bar Plaintiff's claims. These claims are therefore **DISMISSED WITHOUT PREJUDICE.**

Even if Plaintiff properly pleaded that improvements to the Beach caused Thewinco Caesar's injuries, Count II (vicarious liability claim) fails to adequately state a cause of action. The Complaint asserts that the City is vicariously liable for the negligence of its lifeguards, but fails to identify how the lifeguards breached their duty of care or how that breach caused injury to Thewinco Caesar. *See* Compl. ¶¶ 36–38. The Court notes that it will be futile for Plaintiff to amend his Complaint as to the vicarious liability claim unless he corrects these deficiencies. But because Plaintiff may be able to plead sufficient facts to state a cause of action for vicarious liability, this claim is also **DISMISSED WITHOUT PREJUDICE**.

**V.   CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.


Dated:   05/22/2016                                                                s/ Robert B. Kugler
                                                                                   ROBERT B. KUGLER
                                                                                   United States District Judge